## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRY D. BUSSEY, | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | No._____ |
| | } | |
| ASHTON B. CARTER, Secretary of | } | |
| U.S. DEPARTMENT OF DEFENSE | } | |
| Defendant. | } | **JURY DEMANDED** |

## COMPLAINT FOR
## EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
## and RETALIATION FOR WHISTLE BLOWING

Plaintiff, by and through his attorney, Gilpin Law Firm, LLC (Donald G. Gilpin), allege

and state:

### JURISDICTION AND VENUE

1.      This action is brought by Plaintiff to remedy discrimination and retaliation on the

basis of race in the terms, conditions, and privileges of employment in violation of

the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e et. seq.

Plaintiff also brings claims of retaliation under Whistleblower Protection

Enhancement Act (WPEA).  Further, Plaintiff seeks damages and other

appropriate legal relief.

2.      Plaintiff Terry Bussey ("Bussey") is a resident of Valencia County, New Mexico.

3.      Upon information and belief, Defendant Ashton B. Carter, U.S. Department of

Defense ("DOD")  is a governmental entity. Defendant is an employer within the

meaning of the Title VII and WPEA.

4.      Venue is proper because all the unlawful practices complained of herein occurred

within the District of New Mexico.

5.      Plaintiff has exhausted his administrative remedies and received his Notice of

Right to Sue.


## ALLEGATIONS

6.      Bussey began his employment with the federal government in 1987.   Bussey

worked for Defense Threat Reduction Agency (DTRA) at the DOD since 1999.

7.      Bussey was last employed as a Logistic Management Specialist GS -11.

8.      Bussey is African American.

9.      Bussey has a combined 29 years of federal service as a military veteran and as a

federal employee.

10.     In 2014, Bussey was a witness for an employee during an MSPB hearing for an

employee who had been discriminated against. Plaintiff had also filed previous

EEO charges while employed at DTRA.

11.     Bussey's supervisor were aware of Bussey's participation in the MSPB hearing as

a witness for a former employee.

12.     In 2014 & 2015, Plaintiff had numerous conversations with his supervisor, Collins

about what Plaintiff believed were illegal procurement, fraud and waste by

Collins.

13.     The illegal activity consisted of using two credit cards to split the costs of goods

2

purchased so that limits on purchasing were not exceeded require additional authorization.

14.    Wasteful spending on items not necessary or warranted for the mission of DTRA.

15.    In 2015, Bussey was told by Collins to stop complaining about items he was purchasing or there would be consequences.   Collins specifically told Bussey that "your in deep waters without a paddle."

16.    On August 15, 2015, Plaintiff filed a Whistleblower Complaint with the U.S. Inspector General's Office.

17.    On August 31, 2015, Plaintiff was issued a proposed 5 day suspension for alleged misconduct.

18.    On September 24, 2015, Plaintiff was issued a proposed 14 day suspension.

19.    On November 9, 2015, Plaintiff was issued a proposed Notice of Removal.

20.    Prior to August of 2015, Plaintiff had only been issued one letter of reprimand in his entire federal career.

21.    Plaintiff in his response to his Removal, informed the deciding official that he had filed a report with the IG office.

22.    On January 5, 2016, Bussey was terminated.

23.     As a result of Defendant's actions, Bussey has suffered harm in the form of lost wages and benefits.

24.    As a result of Defendant's actions, Bussey has suffered harm in the form of emotional distress and incurred costs.

3

## COUNT I. RACE DISCRIMINATION

25.     Plaintiff Bussey repeats and realleges each and every allegation contained in
paragraphs 1 through 24 of this complaint with the same force and effect as if set
forth herein.

26.     Defendant has discriminated against Bussey in the terms and conditions of his
employment on the basis of his race in violation of Title VII.

27.     The discrimination consisted of Defendant subjecting Bussey to disparate
treatment in regards to discipline and removal from federal service.

28.     Bussey has suffered and will continue to suffer irreparable injury and monetary
damages as a result of Defendant's discriminatory practices unless and until this
Court grants relief.

## COUNT II. RETALIATION

29.     Plaintiff Bussey repeats and realleges each and every allegation contained in
paragraphs 1 through 28 of this complaint with the same force and effect as if set
forth herein.

30.     Defendant retaliated against Bussey in the terms and conditions of his
employment in violation of Title VII for participating as a witness and for
previous EEO filings.

31.     The retaliation consisted of Defendant subjecting Bussey to disparate treatment in
regards to discipline and removal from federal service.

32.     Bussey has suffered and will continue to suffer irreparable injury and monetary

4

damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.


## COUNT III. RETALIATION IN VIOLATION OF THE WPEA

33.     Plaintiff Bussey repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this complaint with the same force and effect as if set forth herein.

34.     Bussey engaged in a protected disclosure of fraud and waste to the Inspector General's Office.

35.     Bussey was subject to an adverse employment action in being disciplined and removed from federal service.

36.     The adverse actions all occurred within a 90 day time period.

37.     The proposing official and the deciding official in Plaintiff's discipline and removal were both aware of Plaintiff's protected disclosures.

38.     Bussey has suffered damages in the form of lost wages, emotional distress and costs including attorney's fees.


## JURY DEMAND

39.     Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

(A)     Awarding Plaintiff compensatory damages that would make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including but not limited to, wages, pension, and other benefits;

(B)     Awarding Plaintiff the costs for this action together with reasonable attorney's fees as provided by Title VII;

(C)     Awarding Plaintiff compensatory damages for his mental anguish and humiliation;

(D)     Awarding Plaintiff special compensatory damages; and

(E)      Granting such other and further relief as this Court deems necessary and proper.


Respectfully submitted,

GILPIN LAW FIRM, LLC


    /s/ **Donald G. Gilpin**
Donald G. Gilpin
6100 Indian School Road, NE
Suite 201
Albuquerque, NM 87110
(505) 244-3861
(505) 254-0044 Fax
*Attorney for Plaintiff*